UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDREW FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-710-JD-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Andrew Ford, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 17-07-14) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time. Ford identifies six grounds in his petition which he claims entitles him to habeas corpus relief.

When prisoners lose earned credit time in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

In Ground One, Ford argues that the DHO did not have sufficient evidence to find him guilty because the substance confiscated from his locker was not tested. He argues that there was not sufficient proof that the substance was either an illicit drug, or a "look-a-like" drug, and therefore

1

he should not have been found guilty of possession of a controlled substance. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Ford as follows:

> On 7-7-17 at approx. 3:00pm I ofc. T. Nelson conducted a shakedown of Ofd. Ford A Doc#964372. During the shakedown I Ofc. T. Nelson found 3 plastic bags of a leafy green substance hidden inside of a oatmeal container with a false bottom, the container was found on the bottom far right corner of his locker. I Ofc. T. Nelson confiscated the items and forwarded them to I.A.

IDOC 1-1 at 2. Ford was charged and found guilty of violating IDOC B-202. This policy prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana State law prohibits possession of any synthetic or lookalike drug. Ind. Code § 35-48-4-11.5.

The DHO had sufficient evidence to find Ford guilty of violating IDOC B-202. Here, the DHO was confronted with two conflicting stories. Ford claimed that the substance was not a controlled substance. However, the reporting officer believed that it was a controlled substance. It

2

was the exclusive province of the DHO to consider and weigh the respective credibility of the parties' stories, and this court will not reconsider those credibility determinations. *See Webb*, 224 F.3d at 652. Here, a leafy green substance – an obvious reference to what was suspected to be marijuana – was discovered concealed within the false bottom of an oatmeal container. The fact that Ford made such efforts to conceal the substance further infers its illicit nature. It was not unreasonable for the DHO to determine that, in light of this evidence, the concealed substance was a substance controlled pursuant to Indiana law. Thus, Ground One does not identify a basis for granting habeas corpus relief.

In Ground Two, Ford argues that he is entitled to habeas corpus relief because the officer who discovered the contraband in his locker was the same officer who subsequently issued him the Conduct Report. Ford argues that this created a conflict of interest. He is incorrect. Prisoners have a due process right pursuant to an impartial *fact-finder*. This means, for example, that a prison official who was personally and substantially involved in the underlying incident may not act as a decision-maker in the case. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). However, prisoners do not have a corollary right to an impartial *reporting* officer. In fact, the reporting officer is likely to be the same officer who witnessed the misconduct. Because Ford did not have a due process right to have his Conduct Report issued by an officer who was not involved in the underlying incident, Ground Two does not identify a basis for granting habeas corpus relief.

In Ground Three, Ford argues that the timing of his disciplinary hearing was not in compliance with IDOC policy. Ford argues that pursuant to IDOC policy, he was entitled to have his disciplinary hearing held within seven days of receiving notice of the disciplinary charges. However, IDOC's failure to follow its own policy does not rise to the level of a constitutional

3

violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Moreover, Ford did not have a due process right to a 'speedy' disciplinary hearing. *See e.g. U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 658 (7th Cir. 1980) (prisoner's due process rights were not violated by two-month delay between offense and disciplinary hearing); *Peters v. Anderson*, 27 F. App'x 690, 692 (7th Cir. 2001) (unpublished) ("the delay was more likely to have enhanced than impeded [the petitioner's] ability to marshal a defense"). Pursuant to *Wolff*, Ford was entitled to at least 24-hours' advance notice of the charges against him before his disciplinary hearing. Here, Ford received notice of the charges on July 14, 2017 (ECF 1-1 at 1), and his hearing was held on July 21, 2017. ECF 1-1 at 3. Therefore, Ford received adequate notice of the charges against him, and Ground Three does not identify a basis for granting habeas corpus relief.

In Ground Four, Ford argues that he should not have received two separate conduct reports for the two items of contraband discovered in his cell because the contraband was hidden in the same place and was discovered at the same time. However, the IDOC was free to charge Ford for each of his individual transgressions, whether discovered at the same time or not. Ford's argument is akin to a double jeopardy argument. However, the Double Jeopardy Clause does not apply in prison disciplinary hearings. *Meeks v. McBride*, 81 F.3d 717 722 (7th 1996); *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004) (unpublished). Thus, Ground Four does not identify a basis for granting habeas corpus relief.

In Ground Five, Ford argues that his sanctions exceeded the maximum permissible punishment for the infraction he committed. Ford was found guilty of committing a Level B offense.

4

IDOC policy states that the maximum penalty for a Level B offense is a one-grade demotion in Credit Class and a 90 day loss of earned credit time. Disciplinary Code for Adult Offenders. [http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.](http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.) Here, Ford was sanctioned with the loss of 30 days earned credit time - a sanction well-within the permissible range. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence"). Thus, Ground Five is not a basis for granting habeas corpus relief.

In Ground Six, Ford ambiguously argues that a name was added on his Conduct Report and that there was not an employee initial next to the addition to identify who made the addition. He argues that this was somehow a violation of IDOC policy. He does not identify what name was added to the Conduct Report, or why he believes this violated his due process rights. As discussed in Ground Three, IDOC's failure to comply with its own internal policy is not a basis for granting habeas corpus relief. *See Keller*, 271 F. App'x at 532; *see also Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003) (purpose of conduct report is to give prisoner adequate notice of the factual allegations against him; no due process error where report was subsequently amended). Therefore, in the absence of any evidence that the change to the Conduct Report affected his due process rights, Ground Six not identify a basis for habeas corpus relief.

For these reasons, the court **DENIES** the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to **CLOSE** this case.

SO ORDERED.

ENTERED: November 13, 2017

                                                                /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court